**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH KISH, et al. | ) | CASE NO. 5:00CV2047 |
| | ) | |
| Plaintiff, | ) | JUDGE GALLAS |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF AKRON, et al. | ) | **PLAINTIFFS' MOTION FOR** |
| | ) | **ATTORNEY FEES** |
| Defendant. | ) | |

Plaintiffs, Elizabeth Kish and Victoria Elder, move this Court for an award of attorney fees pursuant to Fed. R. Civ. Pro. 54(d)(2), and under the statutory authority of the Fair Labor Standards Act, O.R.C. 149.351, and Ohio common law. The reasons for this Motion are set forth in the attached Brief in Support and accompanying affidavit of fees.

                                                                            Respectfully submitted,

/s/ Jennifer A. Corso
David R. Knowles (0017693)
Anthony N. Palombo (0064384)
Christopher A. Holecek (0040840)
Jennifer A. Corso (0063667)
WEGMAN, HESSLER & VANDERBURG
6055 Rockside Woods Blvd., Suite 200
Cleveland, Ohio  44131
(216) 642-3342  Fax:  (216) 520-0145

drknowles@wegmanlaw.com
anpalombo@wegmanlaw.com
caholecek@wegmanlaw.com
jacorso@wegmanlaw.com

Attorneys for Plaintiffs

**BRIEF IN SUPPORT**

I.     **INTRODUCTION**

On August 10, 2000, Plaintiffs Elizabeth Kish and Victoria Elder (hereinafter "Plaintiffs") filed suit against Defendants City of Akron and George Jumbert (hereinafter "Defendants") for violation of the overtime compensation provisions of the Fair Labor Standards Act (FLSA), engaging in retaliatory action against Plaintiffs for complaining about such violations, violation of Ohio's public records law through the destruction of public records relating to Plaintiffs' FLSA complaint, and spoliation of evidence in relation to Plaintiffs' FLSA complaint.

With the exception of a portion of Plaintiffs' retaliation claims, which were dismissed by this Court upon Motion for Summary Judgment by Defendants, Plaintiffs' claims proceeded to trial which commenced on December 3, 2001. Trial concluded on December 11, 2001 with verdict for the Plaintiffs on all counts except for the remaining retaliation claim. The jury awarded damages as follows:

1. Fair Labor Standards Act violation: $493.35 to Plaintiff Kish and $414.98 to Plaintiff Elder.

2. Public Records Destruction (R.C. 149.351) violation: 480 violations for Plaintiff Kish, $480,000.00 in damages to Plaintiff Kish; 380 violations for Plaintiff Elder, $380,000.00 in damages to Plaintiff Elder.

3. Spoliation of Evidence violation: $500.00 in actual damages to Plaintiff Kish, $480,000.00 in punitive damages to Plaintiff Kish; $500.00 in actual damages to Plaintiff Elder, $380,000.00 in punitive damages to Plaintiff Elder.

This judgment was journalized by the Court in its judgment entry dated November 11, 2001.

II.     **AUTHORITY FOR ATTORNEY FEES**

1.     **Fair Labor Standards Act.**

The Fair Labor Standards Act (FLSA) specifically mandates that attorney fees be awarded to prevailing Plaintiffs.  29 U.S.C. § 216(b) states, "The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  (Emphasis added.)

While an award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994), citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984).

The FLSA allows for attorney fees "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." Id. at 502. Since the potential for an award of attorney fees "encourage[s] the vindication of congressionally identified policies and rights" by enabling "the plaintiff to obtain damages without expense for legal assistance", the fees do not have to be related to the amount of damages recovered under the FLSA claim. Id. at 503.  In fact, "substantial" attorney fees awards have been upheld even where the plaintiff recovered only nominal damages.  *Posner v. The Showroom, Inc.*, 762 F.2d 1010, 1985 WL 13108 at *2 (6th Cir. 1985) (unpublished).  In addition, "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel."  *United Slate*, at ___.

In the instant case, although the actual FLSA damages were under $1,000.00, Plaintiffs were forced to proceed to trial to be compensated.  Plaintiffs' pre-suit attempts to be compensated for back owed compensatory time were ignored by the City, even when the City knew that litigation over this matter was probable.  Throughout the case the City never denied

that Plaintiffs were owed some back compensation, but simply disputed how much. No offer of settlement addressing all of Plaintiffs' claims was made by Defendants until the final pre-trial on November 13, 2001, fifteen months after this lawsuit began. Clearly, Plaintiffs would not have been compensated but for this lawsuit. As the purpose behind the attorneys fees provisions of §216(b) is to allow for collection of rightful compensation which often would be exceeded by the costs of such an action, Plaintiffs' attorney fees should be assessed to the Defendants in this matter.

### 2. R.C. 149.351 – Ohio Public Records Destruction Act

R.C. 149.351 also provides for the payment of attorney fees in a case involving destruction of public records. R.C. 149.351 states that a person aggrieved by the destruction of public records may initiate "A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, *and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action*." (Emphasis added.)

There is little case law governing the standards under which attorney fees should be awarded pursuant to R.C. 149.351. One case available for such analysis, *State ex rel Sensel v. Leone*, (1998) Ohio App. LEXIS 434, applied the same analysis used by the courts in determining whether to award attorney fees under R.C. 149.43, regarding requests for public records. In record requests cases the courts have traditionally examined whether the defendants acted in good faith in refusing to supply public records upon request. In *State, ex rel. Beacon Journal Publishing Co., v. Akron Metro. Hous. Auth.* (1989), 42 Ohio St.3d 1, 535 N.E. 2d 1366, the Ohio Supreme Court held that the good or bad faith of a respondent must be considered in deciding whether to award attorney fees under R.C. 149.43. See also, *State, ex rel. Beacon Journal Publishing Co., v. Ohio Dept. of Health* (1990), 51 Ohio St.3d , 552 N.E.2d 214

(attorney fees not awarded where defendant reasonably believed records sought were exempted under public records statute); *State ex rel. The Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 640 N.E.2d 174 (attorney fees awarded where defendant unreasonably reduced time available for public record inspection).

Applying the "good faith" standard to the instant case, it is clear that the Defendants acted in bad faith in destroying the records sought, by doing so with the intent of disrupting Plaintiffs' wage and hour claim.  The jury's verdict in the underlying FLSA and spoliation of evidence claims clearly demonstrate that the City acted in bad faith in destroying Plaintiffs' records.[1]

Further, throughout this litigation, Defendants continually took an unreasonable and unsupported position in defense of the records destruction.  Defendants' attempted to base their claim that such records were not "public records" on an outdated section of the Ohio Revised Code.  Even in trial, Defendants attempted to argue that the records sought were not "public records", even though their own witness – City Attorney Elaine Davidson – testified that the records fit the definition of public record in R.C. 143.011.  Clearly, Defendants failed to take a reasonable and legally sound position in their defense of this matter.  This is further evidence of Defendants bad faith in their actions towards Plaintiffs.

In addition to the "good faith" standard, in determining whether to award attorney fees under R.C. 149.43, courts also look to whether the public will benefit from the plaintiff's civil action.  *Olander*, 79 Ohio St. 3d at 179; Fox, 39 Ohio St. 3d 108, 529 N.E.2d 443.  In the instant case, the public has received a benefit through Plaintiffs' successful lawsuit.  Throughout the

---

[1] The special and general verdict forms show that the jury found the City's violation of the FLSA to be "willful", and in finding for both Plaintiffs on the spoliation of evidence claim, the jury determined that the City had willfully destroyed Plaintiffs' records for the purpose of disrupting pending or probable litigation.  Therefore, it is clear that the jury found the City's actions to be in bad faith.

litigation, the City maintained that the records sought – those documenting compensatory time earned and taken, sick leave, vacation leave and other time off – were not "public records". Plaintiff's lawsuit resolved that question, with the jury determining that the leave forms in question were indeed "public records".

The leave forms are still utilized by the City and still document compensatory time accrued and used and other leave time taken by City employees.  Therefore, Plaintiffs' litigation has conferred a public benefit by establishing that these leave forms are in fact public records that are to be retained and produced under the public records act, and resolving the question as to whether subsequent requests for these records will be honored.  This is a similar outcome as in *Sensel*, where the court held that a public benefit was conferred by defining what records are required to be retained by a school board, increasing the likelihood that such documents will be available for public inspection at later dates.

As Plaintiffs have demonstrated that the Defendants acted in bad faith in destroying the records and that the public will benefit by the jury's determination that the records in question are "public records", Plaintiffs are entitled to attorney fees as allowed under R.C. 149.351.

   3. <u>Common Law Claim - Spoliation of Evidence</u>

It is well established under Ohio law that attorney fees may be awarded in cases where punitive damages have been established.  *Davis v. Tunison* (1959), 168 Ohio St. 471.  In the instant case, Plaintiffs brought an Ohio common law claim of spoliation of evidence against Defendants.  The jury determined that Plaintiffs proved by clear and convincing evidence that the City willfully destroyed Plaintiffs records with the intent of disrupting pending or probable litigation, and awarded punitive damages against the City in a total amount of $860,000.00.

**III. ATTORNEY FEES REQUESTED TO BE TAXED TO DEFENDANTS**

Over a period of approximately seventeen months (June, 2000 to December, 2001), four attorneys were primarily responsible for representing Plaintiffs in the instant case. From the law firm of Wegman, Hessler and Vanderburg, legal fees were incurred primarily through the work of attorneys Anthony Palombo, Christopher Holocek and Jennifer Corso. (A minor amount of fees were generated by law clerks and/or other attorneys, and are reflected on the billing statement.)  Attorney Warner Mendenhall, of Akron, Ohio, also represented Plaintiffs and incurred fees in this matter.

During this litigation, the billing rates of the primary attorneys were as follows:

Anthony Palombo - $130.00/hour to $140.00/hour
Christopher Holocek - $155.00/hour to $165.00/hour
Jennifer Corso - $155.00/hour
Warner Mendenhall - $150.00/hour

Plaintiffs' attorney fees are summarized in the attached Exhibit A.[2] As shown in Exhibit A, a total of 967.6 professional hours were worked on this case, resulting in total attorney fees of $139,786.00. Approximately 57% of this time was billed over a sixteen month period, averaging under thirty-five hours per month during that time period. The remaining 43% (412 hours, $60,404.50 in fees) was spent in trial preparation following the November 13, 2001 pre-trial conference and through counsels' attendance in trial from December 3 to December 10, 2001. Plaintiffs request that the full amount of $139,786.00 be taxed to Defendants. As the damages awarded exceeded $1.72 million, Plaintiffs' attorney fees are not excessive or unwarranted.

---

[2]  Exhibit A contains a monthly summary of hours billed by the firm of Wegman, Hessler & Vanderburg, a monthly summary of hours billed by Attorney Warner Mendenhall, and a combined total of all hours billed. In addition, hours have been subtotaled designating hours billed prior to the November 13, 2001 pre-trial conference (the last settlement effort made by Defendants) and those hours billed after the pre-trial, attributable to trial preparation and attendance.

IV.     CONCLUSION

As shown in the accompanying summary of fees and affidavit, Plaintiffs' attorney fees relating to the FLSA and public records destruction claims fall within the provisions of these statutes for the payment of such fees for prevailing Plaintiffs.  Additionally, Ohio law provides that attorney fees are appropriate where punitive damages are found.  Defendants admitted liability and knew of the potential risk for substantial damages, yet refused to take a reasonable settlement position in this matter.  Therefore, Plaintiffs' attorney fees in the amount of $139,786.00 are properly submitted for payment by Defendants in this matter.

Respectfully submitted,

/s/ Jennifer A. Corso
David R. Knowles (0017693)
Anthony N. Palombo (0064384)
Christopher A. Holecek (0040840)
Jennifer A. Corso (0063667)
WEGMAN, HESSLER & VANDERBURG
6055 Rockside Woods Blvd., Suite 200
Cleveland, Ohio  44131
(216) 642-3342  Fax:  (216) 520-0145

drknowles@wegmanlaw.com
anpalombo@wegmanlaw.com
caholecek@wegmanlaw.com
jacorso@wegmanlaw.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion for Attorney Fees was filed electronically on the 21st day of December, 2001. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jennifer A. Corso
Jennifer A. Corso (0063667)
WEGMAN, HESSLER & VANDERBURG

Attorney for Plaintiffs