U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH KISH, et al. | ) | CASE NO. 5:00CV2047 |
| | ) | |
| Plaintiff, | ) | JUDGE GALLAS |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF AKRON, et al. | ) | AFFIDAVIT OF DAVID R. KNOWLES, |
| | ) | ESQ. REGARDING ATTORNEY FEES |
| Defendant. | ) | |

David R. Knowles, Esq. declares as follows under penalty of perjury:

1. I am an attorney and this declaration is based on my personal knowledge. I am a partner of and practicing attorney employed by Wegman, Hessler & Vanderburg (hereinafter "Wegman Hessler"). Wegman Hessler currently employs twenty-seven attorneys, approximately four of which practice primarily in the field of labor and employment law.

2. I have been an active practicing attorney since 1974. I am admitted to practice in the following courts:

    a. All state courts in the State of Ohio;

    b. U. S. District Court for the Northern District of Ohio;

    c. United States Court of Appeals for the First, Fourth, Fifth, Sixth, Eighth and Eleventh Circuits;

    d. the Supreme Court of the United States.

3. The hourly billing rates for the primary attorneys working on the instant lawsuit ranged from $130.00/hour to $165.00/hour. These hourly billing rates are well within the range charged by attorneys with corresponding levels of experience in the Cleveland, Ohio and

Northeastern Ohio market for legal representation.

4. The primary attorneys who were actively engaged in representing Plaintiffs in this litigation include Mr. Anthony Palombo, Mr. Christopher Holecek and Ms. Jennifer Corso of this firm, and Mr. Warner Mendenhall of Akron, Ohio. Mr. Palombo has been practicing law since 1995. Mr. Palombo's hourly rate during this lawsuit was initially $130.00 per hour, and raised to $140.00 per hour. Mr. Holecek has been practicing law since 1988, and billed $155.00 to $165.00 per hour during this lawsuit. Ms. Corso has been practicing law since 1994, and billed $155.00 per hour during this lawsuit.

5. I am generally familiar with the usual and customary rates of legal fees charged by law firms in the U.S. District Courts for the Northern District of Ohio and state courts for representation in complex litigation, including employment related matters and civil rights related cases.

6. In my opinion, the hourly professional rates in the supplemental petition for reasonable attorney fees are less than or equal to the fair and reasonable market value for services rendered in this district in attorney fee matters. The rates requested for the attorneys, paralegals and law clerks providing services from Wegman Hessler and attorney Warner Mendenhall are within the range of customary and usual charges for representation in such litigation.

8. I have personally reviewed the billing summary generated from the time records of Wegman Hessler and believe that it reflects the actual work performed and the necessary and reasonable time expended. Plaintiffs' FLSA case required substantial work due to the amount of records involved and the attempts to recreate Plaintiffs' time records over a three year period. Likewise, Plaintiffs' public records destruction claim is almost without precedent, and required

significant time in research due to the sparse amount of established law. The billable hours summarized in Exhibit A to Plaintiff's Motion for Attorney Fees are reasonable for the nature of the issues presented and accurately reflect the work of Wegman Hessler in this matter. The billable hours in Exhibit A also reflect the exercise of billing judgment both before time is entered and in reducing the time billed to the file as a part of review.

9. Exhibit A is a true and correct summary of the bill for services by Wegman Hessler commencing on or about June 5, 2000 and ending December 10, 2001.

I declare under penalty of perjury that the foregoing is true and correct.

David R. Knowles, Esq.